UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH R. HARKNESS,<br>　　　　Plaintiff,<br><br>　　　vs.<br><br>CCA OF TENNESSEE, LLC d/b/a<br>CORRECTIONS CORPORATION OF<br>AMERICA, CORRECTIONAL MEDICAL<br>SERVICES, and MARION COUNTY<br>SHERIFF FRANK ANDERSON,<br>　　　　Defendants. | )<br>)<br>)<br>)　1:09-cv-1049-LJM-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER ON PLAINTIFF'S MOTION TO REMAND CASE TO THE MARION COUNTY SUPERIOR COURT

This matter is before the Court on the plaintiff's, Keith R. Harkness ("Harkness"), Motion to Remand (Dkt. No. 61).  Harkness filed this action against defendants, Marion County Sheriff Frank Anderson ("Anderson"), Correctional Medical Services ("CMS"), and CCA of Tennessee, LLC ("CCA") (collectively, "Defendants") in Marion County Superior Court, and Defendants properly removed the case to this Court.  Harkness has since filed a Notice of Voluntary Dismissal with respect to his sole federal claim pursuant to FRCP 41(a)(1) ("Rule 41(a)(1)").  Accordingly, Harkness requests that this case be remanded back to the Marion County Superior Court.

For the reasons articulated below, the Court 1) construes Harkness' Notice of Voluntary Dismissal of Federal Claim (Dkt. No. 60) ("Notice of Dismissal") as a motion to amend his Complaint pursuant to FRCP 15(a)(2) ("Rule 15(a)(2)"); 2) **GRANTS** Harkness' Motion to Amend his Complaint; and 3) **GRANTS** Harkness' Motion to Remand.

## I. **BACKGROUND**

In 2007, Harkness was involved in an altercation with a fellow inmate at Marion County Jail II ("Jail II"). Compl. at 2[1]; Ans. ¶ 5 (Dkt. No. 22). Following the incident, Harkness was brought to the Jail II medical unit for X-rays. Compl. at 2; Ans. ¶ 8. CCA's medical staff failed to identify any serious injuries at that time. Compl. 2. A few days later, Harkness was again brought to the Jail II medical unit. Compl. at 2; Ans. ¶ 10. After his second medical evaluation, Harkness was sent to Wishard Memorial Hospital in Indianapolis. Compl. at 3; Ans. ¶ 11. At Wishard, it was discovered that Harkness had a fractured hip and a shattered femur. Compl. at 2. Harkness claims that these injuries were sustained during the altercation at Jail II and contends that his injuries were aggravated by the fact that they were not treated immediately. *Id.*

On August 6, 2009, Harkness filed suit against Defendants in Marion County Superior Court, alleging negligence, breach of contract, and other violations of state statutes. Compl. at 3-5. In addition, in Count Two of his Complaint, Harkness alleged that CCA and CMS failed to provide proper and adequate medical care following the altercation, which amounted to deliberate indifference in violation of the Eighth Amendment. *Id.* at 3. On the basis of Harkness' sole federal claim, Defendants removed the case to this Court. Dkt. No. 1; 28 U.S.C. §§ 1331, 1441.

On June 11, 2010, Harkness filed a Notice of Dismissal in which he voluntarily dismissed his Eighth Amendment claim against all remaining defendants pursuant to Rule 41(a)(1). Dkt. No. 60. Harkness also filed a motion to remand the case to state court

---

[1] The Court cites an entire page because the Complaint includes multiple paragraphs that are numbered identically.

because his Complaint no longer raised a federal issue.  Dkt. No. 61.  On June 14, 2010, the Court issued an entry approving Harkness' Notice of Dismissal.  Dkt. No. 62.

The Court adds additional facts as needed below.

## II.  DISCUSSION

### A.  HARKNESS' VOLUNTARY DISMISSAL OF HIS FEDERAL CLAIM

In its response to Harkness' Motion to Remand, CCA argues that it was improper for the Court to issue an entry approving Harkness' Notice of Dismissal under Rule 41(a) because Harkness did not abandon all of his claims in his Notice of Dismissal.  Dkt. No. 70 at 2-3.  CCA correctly asserts that Rule 41(a) only addresses voluntary dismissal of an "action," not a single claim.  Fed. R. Civ. P. 41(a)(1-2).  Stated otherwise, "Rule 41(a)(1)(i) does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case."  *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001); *see also Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill. 1993) ("Rule 41(a) was singularly designed to allow for voluntary dismissal of entire actions only and not for dismissal of one of several claims against a defendant.").  However, the Court does not agree that Rule 41(a) dictates the hard-line approach advocated by CCA: namely, that the Court must either dismiss Harkness' entire case or rule that his federal claim is still part of his cause of action.

Rather, Harkness' Notice of Dismissal should be construed as a motion to amend the pleading under FRCP Rule 15(a)(2) ("Rule 15(a)(2)").  *Loutfy*, 148 F.R.D. at 602.  Under Rule 15(a)(2), a plaintiff may amend his complaint by leave of the court, which "[t]he court should freely give . . . when justice so requires."  Fed.R.Civ.P. 15(a)(2).  Reasons

supporting the denial of leave to amend include "undue delay, bad faith or dilatory motive on behalf of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these reasons are present here. Harkness' purpose in relinquishing his sole federal claim is, of course, to provide the basis upon which the Court may remand this case to the Marion County Superior Court. The prospect of further litigation in state court does not unduly prejudice CCA. Accordingly, the Court **GRANTS** Harkness leave to amend his Complaint by eliminating his sole federal claim.

### B.  PLAINTIFF'S MOTION TO REMAND

Under the doctrine of pendent jurisdiction, a district court has discretion to remand a properly removed case to state court if all federal law claims in the case have been eliminated and only supplemental state law claims remain. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should consider and weigh the factors of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ.*, 484 U.S. at 350. However, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994); *see also Leister v. Dovetail, Inc.*, 546 F.3d. 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial,

the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts.")

Here, the Court concludes that remand is appropriate, since it accommodates the full range of factors associated with the doctrine of pendent jurisdiction. Remand will further the interests of judicial economy and comity as this Court will defer to the Marion County Superior Court's interest in enforcing the laws of the State of Indiana. In addition, given its proximity to this Court, the Marion County Superior Court is clearly as convenient a forum for both parties. Lastly, the Court perceives no risk of unfairness to the Defendants since all their efforts to date in defending Harkness' lawsuit will have substantial application in the state court and, similarly, there is no reason for Defendants to duplicate in the Marion County Superior Court any action already taken in this Court. In short, all four factors—judicial economy, convenience, fairness, and comity—weigh in favor of remand rather than the continued exercise of jurisdiction over Harkness' remaining state law claims. Accordingly, the Court **GRANTS** Harkness' Motion to Remand.

### III. CONCLUSION

For the reasons articulated above, the Court construes the plaintiff's, Keith R. Harkness, Notice of Dismissal (Dkt. No. 60) as a motion to amend his Complaint and **GRANTS** Harkness leave to amend his complaint by eliminating his sole federal claim. In addition, the Court **GRANTS** Harkness' Motion to Remand (Dkt. No. 61). This case is hereby **REMANDED** to the Marion County Superior Court with the exception of the

settlement reached between Harkness and defendant, Correctional Medical Services, over which the Court will retain jurisdiction.

    IT IS SO ORDERED this 20th day of August, 2010.

                                                  LARRY J. McKINNEY, JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Distribution attached.

Distribution to:

James F. Bleeke
SWEETIN & BLEEKE PC
jim@sweetinbleeke.com

Jeb Adam Crandall
SWEETIN & BLEEKE PC
jeb@sweetinbleeke.com

William A. Hahn
BARNES & THORNBURG LLP
william.hahn@btlaw.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov

Adam  Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Paul K. Ogden
ROBERTS & BISHOP
pogden@roberts-bishop.com

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org